IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TRAVIS MANNING                                                                                      PLAINTIFF

V.                                        4:19CV00854 JM-PSH

DEXTER PAYNE, et al.                                                                          DEFENDANTS

### ORDER

Pending is Plaintiff's Motion for Reconsideration of the Court's Order dated March 17, 2021, granting summary judgment to Defendant Dexter Payne, Nurzuhal Faust, and Paul Walter for Plaintiff's failure to exhaust his administrative remedies. Plaintiff has sued these defendants under 42 U.S.C. §1983 for violating his right of access to the courts by taking and withholding certain legal materials while incarcerated at the Ouachita River Unit in 2016 and while incarcerated at the East Arkansas Regional Unit.

In his Motion for Reconsideration, Plaintiff has filed copies of Grievance EAM-17-00159 (ECF No. 95 at p. 2-4) and Grievance MX-17-00206 which name Payne, Faust and Walter. Plaintiff contends that he exhausted his administrative remedies with regard to these grievances. Terri Grigsby-Brown, Inmate Grievance Coordinator for the Arkansas Department of Correction ("ADC") provided a list of all grievances filed by Plaintiff from September 6, 2016 to January 24, 2020. (ECF No. 62-3). The list contains more than one hundred (100) grievances. Grievances EAM-17-00159 and MX-17-00206 are included on the list. Ms. Grigsby-Brown attested to the fact that Plaintiff "properly completed the grievance process of nine (9) grievances concerning his legal mail, legal papers, and/or research material during the time frame in question." (ECF No. 62-1 at p. 2-3). Ms. Grigsby-Brown did not include Grievances EAM-17-00159 and MX-17-00206 on her list of nine exhausted grievances. In addition, Plaintiff did not contend that he

administratively exhausted his remedies with regard to EAM-17-00159 and MX-17-00206 in response to Defendants' motion for summary judgment. Therefore, United States Magistrate Judge Patricia S. Harris recommended granting Defendants' motion for summary judgment for failure to exhaust on February 19, 2021.

On March 15, 2021, Plaintiff filed a copy of the Unit Level Grievance Form for EAM-17-00159. The Form had originally been received by Sergeant R. Washington on January 11, 2017 as a Step One Grievance. (ECF No. 90 at p. 7). Plaintiff included his Step Two Grievance Form for EAM-17-00159 which shows that it was received by ADC staff on January 16, 2017. *Id.* at 8. On February 6, 2017 the Warden/Supervisor issued a Decision on the grievance. It stated:

> Per Ms. Perry she was informed that you [sic] property was located at ORCU and would be inventoried. She stated that she was not told when the property was supposed to be sent. According to Ms. Brown (Max Property Office), you have the property that you are allowed to have. She stated that the property that you are grieving was confiscated. She stated that a withdrawal form was completed to have the property sent home when funds become available. This should resolve your issue.

*Id.* at 9. In response, Plaintiff wrote on the Decision that Brown was lying about confiscating his legal property, that Brown didn't know that ADC policy allowed him to have legal documents and personal mail, and that she was retaliating against for "teasing" her about her marital problems. *Id.* The Decision is stamped received by the Grievance Supervisor on February 23, 2017. There is no further documentation as to EAM-17-00159. Plaintiff did not provide evidence that the Deputy Director responded to the appeal or rejected it as required by ADC's grievance policy.

In the same batch of filings,[1] Plaintiff included a copy of the Warden/Center Supervisor's Decision regarding Grievance MX-17-00206.[2] The decision, signed on January 27, 2021, states: "Your Property returned. Your grievance had merit, but has been resolved." (ECF No. 90 at p. 10). In response, Plaintiff wrote on the Decision that he didn't have his legal documents and personal property. He asked for the return of his original grievance so that he could appeal to the Chief Deputy/Deputy Director. *Id.* The form was stamped received by the Inmate Grievance Supervisor on February 10, 2021. Plaintiff received a rejection of his appeal from the Chief Deputy Director stating his appeal of MX-17-00206 was being returned because he did not send his Unit Level Grievance Form.

Two days after Plaintiff filed this new evidence, the Court adopted the Partial Recommended Disposition and granted summary judgment to Defendants Payne, Faust, and Walter. It is unclear whether Plaintiff exhausted the grievance process as to Grievance EAM-17-00159 or MX-17-00206. While Ms. Grigsby-Brown did not include these two grievances in her list of exhausted grievances, Plaintiff has presented enough evidence create a question of fact.

Therefore, the Court grants Plaintiff's Motion for Reconsideration (ECF No. 97). Defendants are directed to respond to Plaintiff's new evidence by June 21, 2021, including complete copies of EAM-17-00159 and MX-17-00206.

IT IS SO ORDERED this 11th day of June, 2021.

James M. Moody Jr.
United States District Judge

---

[1] Plaintiff filed four (4) pleadings on March 15, 2021. Three of them included his argument about these grievances.
[2] Plaintiff mistakenly refers to MX-17-00206 as EAM-17-00206 in some pleadings.