IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TRAVIS MANNING                                                                                    PLAINTIFF

v.                                    No: 4:19-cv-00854 JM-PSH

DEXTER PAYNE, *et al.*                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

On December 2, 2019, plaintiff Travis Manning filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 while incarcerated at the Arkansas Division of Correction's (ADC) East Arkansas Regional Unit (Doc. No. 2). Manning's second

amended complaint (Doc. No. 23) sets forth an access-to-courts claim[1] against the following defendants: ADC Director Dexter Payne, Director of Grievance Appeals Marshall Dale Reed, Warden Nurzuhal Faust, Lieutenant Paul Walter, Sergeant Joseph Efird, Corporal Joseph Thomas, Sergeant Wanda Brown Brooks, Corporal Angela Jenkins, Lieutenant Fidel Cobb, Captain Roosevelt Barden, Captain Morieon Kelly, Captain William McNairy, Warden Jeremy Andrews, Assistant Warden James Dycus, and Assistant Warden Emily Branch (the "Defendants"). Manning sues all the Defendants in their individual capacities and several in their official capacities as well. He seeks injunctive relief as well as compensatory and punitive damages.

Before the Court is a motion for summary judgment on the merits, brief-in-support, and statement of facts filed by the Defendants. *See* Doc. Nos. 115-117. Manning filed a response to the Defendants' motion, a declaration, and an amended response (Doc. Nos. 122-124, 126). The Defendants' statement of facts, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute, and Defendants are entitled to judgment as a matter of law.

---

[1] Although Manning asserts other claims such as retaliation, due process, equal protection, and Eighth Amendment deliberate indifference, he describes no facts to support those causes of action in his amended complaint. *See* Doc. No. 23. The Court construed his amended complaint as setting forth only an access-to-courts claim, and the parties have proceeded as such throughout the course of this case.

## II.  Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, and must instead demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).

An assertion that a fact cannot be disputed or is genuinely disputed must be supported by materials in the record such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . .".  Fed. R. Civ. P. 56(c)(1)(A).  A party may also show that a fact is disputed or undisputed by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible

evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Facts[2]

Manning alleges that on August 29, 2016, when he was moved to a different facility in the ADC, the defendants took or withheld certain legal documents relating to a case he filed in the Union County Circuit Court on August 1, 2011, Case No. 70CV-11-250 (the "Union County Case"). Doc. No. 23. He describes the property taken as "crucial and essential legal documents, Self Help Litigation Manual, grievance, interrogatories, ADs, ARs, and other medical reports, and notes, documents involving [the Union County Case]." *Id.* at 13. Manning asserts that as

---

[2] The Defendants' statement of undisputed material facts is based primarily on the Court's prior findings of fact as set forth in its recommendation to deny a motion for temporary restraining order and preliminary injunction. *See* Doc. No. 117 (incorporating by reference Doc. No. 49). Those facts were taken from the docket sheet of the Union County Case. The Court continues to take judicial notice of that court's docket and associated pleadings in that case, which are available to the public at https://caseinfo.arcourts.gov. *See* Fed. R. Evid. 201. Manning does not specifically dispute any of the facts listed by Defendants, but objects to relevancy, offers arguments, and promises to proffer additional evidence. *See* Doc. No. 124. The Union County Case docket speaks for itself and provides the only material facts relevant to this access-to-courts case.

a result, his state court case was dismissed but later reopened.³ *Id.* It is not clear whether Manning's papers have been returned to him.

The Union County case, filed in 2011, is still pending. The docket sheet reflects when the case was filed in August 2011 and the activity in it beginning on September 20, 2016.⁴ Manning named as defendants the Union County Sheriff's Department, Sheriff Ken Jones, and Chief Deputy Thomas (the "Union County Defendants"). In it, he asserted state civil rights conditions-of-confinement and failure-to-protect claims stemming from his incarceration at the Union County Jail between February 8, 2008, and May 19, 2009. Manning filed an amended complaint in that matter on February 10, 2012, naming additional defendants and adding claims that the law library was missing a volume of the criminal code and that he was denied medical treatment for mental health problems.

Union County Defendant Jerry Thomas filed a motion to dismiss in the Union County case on February 23, 2012, claiming that the amended complaint is barred by the applicable statute of limitations, because it fails to state a claim, and/or

---

³ A more detailed description of Manning's Amended Complaint is available in the Court's Proposed Findings and Partial Recommendation concerning a prior motion for summary judgment filed by the Defendants concerning exhaustion of administrative remedies. *See* Doc. No. 84 at 7.

⁴ The Union County Circuit Court pleadings filed before September 20, 2016, in this matter are not electronically available for review. The record of this case contains several pertinent pleadings not available online, including the Complaint, Amended Complaint, Motion to Dismiss Amended Complaint, and supporting brief. Doc. Nos. 46-1, 46-2, 46-3, and 46-4.

because Manning failed to exhaust administrative remedies. According to the Defendants, this motion remains pending.

Thomas filed a motion to dismiss for failure to prosecute in the Union County case on September 20, 2016. In his motion, Thomas stated that no action had been taken on the record since March 2, 2012. Manning did not file a response. The circuit judge entered an order of dismissal for failure to prosecute on December 28, 2016. The case was reinstated, however, on March 13, 2017, after Manning filed a motion to reconsider the dismissal, asserting that he did not receive relevant pleadings because he had been moved to another ADC facility and that his legal papers had been withheld at that new facility.

There are no substantive motions pending in the Union County case other than the motion to dismiss from 2012, and there are no upcoming deadlines. Since this case was filed on December 2, 2019, there have been four docket entries in the Union County case: a letter filed by Manning on May 20, 2020; a note by the judge on May 18, 2020; a motion to stay or continue filed by Manning on April 12, 2021; and a motion to appoint counsel filed by Manning on April 12, 2021.

### IV. Analysis

#### A. *Sovereign Immunity*

Manning's monetary claims against the Defendants in their official capacities are barred by sovereign immunity. A suit against a state employee in his or her

official capacity is in essence a suit against the State of Arkansas, and any official capacity claim for monetary damages against that defendant is barred by the doctrine of sovereign immunity. *Will v. Michigan Department of State Police, et al.*, 491 U.S. 58, 71 (1989); *Nix v. Norman*, 879 F.2d 429, 431-432 (8th Cir. 1989). Accordingly, Manning's official capacity claims for money damages should be dismissed.

### B.   *Qualified Immunity*

The Defendants argue that they are entitled to qualified immunity with respect to Manning's individual capacity claims. Qualified immunity protects government officials from liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person [in their positions] would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Qualified immunity is a question of law and is appropriately resolved on summary judgment. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). To determine whether a defendant is entitled to qualified immunity, the Court must consider two questions: (1) do the facts alleged by plaintiff establish a violation of a constitutional or statutory right; and (2) if so, was that right clearly established at the time of the defendant's alleged misconduct. *Wright v. United States*, 813 F.3d 689, 695 (8th Cir. 2015). Courts may exercise "their sound discretion in deciding which of the

two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

In *Bounds v. Smith*, the U.S. Supreme Court recognized that prisoners' constitutional right of access to the courts is well-established. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The taking of an inmate's legal papers can unconstitutionally interfere with the inmate's right of access to the courts. *See Goff v. Nix*, 113 F.3d 887, 892 (8th Cir. 1997). However, to succeed on a claim for a violation of the right of meaningful access to the courts, a prisoner must establish that he or she suffered an actual injury or prejudice caused by the denial of access to legal materials, counsel, or the courts. *Lewis v. Casey,* 518 U.S. 343, 349 (1996). *See also White v. Kautzky,* 494 F.3d 677 (8th Cir. 2007) ("To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim.").

Manning's denial-of-access-to-the-courts claim fails as a matter of law because he has not suffered an actual injury or prejudice due to the confiscation of

his papers.[5] The Union County Case remains open. Although it was briefly dismissed for failure to prosecute in late 2016, it was reopened in March 2017. Neither the Union County Defendants nor the Union County Court have taken any action to dismiss Manning's claims since his papers were taken. And, significantly, Manning does not explain why these papers will be needed to prosecute his claims in the future.

Without actual injury or prejudice, Manning cannot prevail on his access-to courts claim. Because Manning fails to establish a constitutional violation, the Defendants are entitled to qualified immunity as to his individual capacity claims.

## V. Conclusion

The Defendants' motion for summary judgment (Doc. No. 115) should be granted. Judgment should be awarded in favor of Defendants.

IT IS SO RECOMMENDED this 6th day of June, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[5] Defendants also argue that Manning cannot show any injury because the Union County Case is subject to dismissal because it was filed outside the applicable statute of limitations. That is an issue for the Union County Court to decide on a complete record.